UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

KISHMA L. FLEMING,
          Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
AT-844E-19-0309-I-1

DATE: June 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kishma L. Fleming</u>, Augusta, Georgia, pro se.

<u>Christy Miller</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) denying the appellant's Federal Employees' Retirement System (FERS) disability retirement application. For the reasons set forth below, the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

In the June 26, 2019 initial decision, the administrative judge instructed the appellant that the initial decision would become final on July 31, 2019, unless a petition for review was filed by that date. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 8. On October 8, 2019, over 2 months after the finality date, the appellant filed her petition for review. Petition for Review (PFR) File, Tab 1.

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that she received the initial decision more than 5 days after it was issued, within 30 days after she received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). Here, the appellant has not alleged that she received the initial decision more than 5 days after it was issued. PFR File, Tab 1. Moreover, the appellant, who had registered as an e-filer, is deemed to have received the initial decision, hearing order, and the order regarding closing the record on the date of electronic submission. IAF, Tab 1 at 2; *see Laboy v. U.S. Postal Service*, 103 M.S.P.R. 570, ¶ 6 (2006); 5 C.F.R. § 1201.14(m) (2019). Thus, the deadline to file a petition for review was July 31, 2019. Her October 2019 petition for review of the initial decision was untimely filed by roughly 2 months. ID at 8; PFR File, Tab 1.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the filing delay. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and showing of due

diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the limits or of unavoidable casualty or misfortune that shows a causal relationship to her inability to timely file her petition. *Id.*

In an acknowledgment letter dated October 10, 2019, the Acting Clerk of the Board informed the appellant that her petition for review was untimely filed and that an untimely filed petition for review must be accompanied by a motion to either accept the filing as timely and/or waive the time limit for good cause. PFR File, Tab 4 at 2-3. The Acting Clerk provided specific instructions regarding the requirements for such a motion, as well as a sample "Motion to Accept Filing as Timely or to Waive Time Limit" form, and allowed the appellant until October 25, 2019, to submit the motion. *Id.* at 2, 8-9. The Acting Clerk additionally informed the appellant of how to establish good cause based on an illness that affected the appellant's ability to file on time. *Id.* at 8 n.1. Finally, the Acting Clerk expressly informed the appellant that, if she did not submit the requisite motion, "the Board [might] issue an order dismissing [her] petition for review as untimely, which would result in the initial decision becoming the Board's final decision." *Id.* at 3.

The appellant did not respond to the Acting Clerk's letter. In her petition for review, the appellant asserts that she was not notified of the hearing below, and that her failure to attend the hearing resulted in the closing of her case. PFR File, Tab 1 at 3. She additionally asserts that she is sick and needs help. PFR File, Tab 2 at 5. We find that the appellant has failed to establish good cause for her untimely petition for review.

The administrative judge issued an order scheduling both the prehearing conference and the hearing. IAF, Tab 6. She electronically served the parties the same day. *Id.* at 4. However, she cancelled the hearing after the appellant failed to file prehearing submissions or attend the prehearing conference. IAF, Tab 8 at 1. This order was also served on the date of issuance. *Id.* at 6. As an e-filer,

the appellant is deemed to have received these orders when they were issued. *Laboy*, 103 M.S.P.R. 570, ¶ 6.

To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The appellant here has failed to provide any of the requisite medical evidence or explanation of how her illness prevented her from timely filing an appeal or a request for an extension of time. Although the appellant is acting pro se, the 2-month filing delay is significant. *See Bilbrew v. U.S. Postal Service*, 111 M.S.P.R. 34, ¶ 12 (2009) (finding a filing delay of 2 months was significant, even for a pro se appellant). Because the appellant has not shown that she exercised due diligence or ordinary prudence under the particular circumstances of the case, her petition for review must be dismissed as untimely filed without good cause shown.

Accordingly, we dismiss the petition for review as untimely filed without a showing of good cause for the delay. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding OPM's reconsideration decision denying the appellant's FERS disability retirement application.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____

                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.